# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| **FRANSHON L. STAPLETON,** ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:25-cv-02178-SEM |
| ) | |
| **TAMMY DODDS** *et al.*, ) | |
| Defendants. ) | |

## ORDER

**SUE E. MYERSCOUGH, United States District Judge:**

Before the Court is a Complaint (Doc. 1) filed under 42 U.S.C § 1983, a Motion for Leave to File an Amended Complaint (Doc. 6), Motions for Summary Judgment (Docs. 5, 8), and a Motion for Counsel (Doc. 7) filed by Plaintiff Franshon Stapleton, an inmate at United States Penitentiary Atwater.

The Court dismisses Plaintiff's Complaint and denies his Motions for Leave to File an Amended Complaint, Summary Judgment, and Counsel.

### I. BACKGROUND

The Court takes judicial notice of the Seventh Circuit decision in *United States v. Stapleton*, 56 F.4th 532 (7th Cir. 2022). *See*

*White v. Keely*, 814 F.3d 883, 886 (7th Cir. 2016) (stating that courts "may take judicial notice of public records, including public court documents").

In October 2017, the Urbana Police Department received an anonymous tip. *Stapleton*, 56 F.4th at 535. Plaintiff was arrested a month later based on the physical description provided by the anonymous source. *Id.* Plaintiff was subsequently indicted and charged with sixteen criminal counts related to sex trafficking. *Id.*

The district judge later denied Plaintiff's motion to suppress evidence derived from the anonymous tip. *Id.* Before opening statements at Plaintiff's jury trial, he signed a Notice of Conditional Plea, admitting guilt to all sixteen charges but reserving the right to appeal the denial of his suppression motion. *Id.* at 537. Plaintiff was subsequently sentenced to life in prison. *Id.* at 538.

## I. COMPLAINT

### A. Screening Standard

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be

granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* Upon reviewing the complaint, the court accepts the factual allegations as accurate, construing them liberally in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### B.  Factual Allegations

Plaintiff names Urbana Police Department Detective Michael Cervantes, Champaign County Police Administrative Assistant Tammy Dodds, Urbana Police Department Officers Adam Marcotte and Christopher Whelchel, Champaign County prosecutor Elham Pierson, METCAD 9-1-1 Public Safety Answering Point Operations Manager Betsy Smith, Champaign County Crime Stoppers, Champaign County Police Department, Days Inn Hotel, METCAD 9-1-1, and the Urbana Police Department as Defendants.

Plaintiff's overarching claim is that Defendants "conspired to help the government wrongfully convict, prosecute, and conceal the crime of framing [him]." (Pl. Compl., Doc 1 at 5.)

### C. Analysis

Plaintiff does not state plausible § 1983 claims against Champaign County Crime Stoppers, Champaign County Police Department, Days Inn Hotel, METCAD 9-1-1, or the Urbana Police Department.

"Section 1983 only permits an individual to sue a 'person' who deprives that individual of his or her federally-guaranteed rights under color of state law." *Snyder v. King*, 745 F.3d 242, 246 (7th Cir. 2014). "State agencies are not 'persons' under § 1983 . . . ." *Fairley v. Fermaint*, 482 F.3d 897, 904 (7th Cir. 2006); *see also Woods v. Ill. Dep't of Children & Family Servs.*, 710 F.3d 762, 764 (7th Cir. 2013); *see also White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018) ("[T]he fact that a building is owned by a corporate entity or a government agency does not make the building a suable person under § 1983.").

Additionally, Plaintiff's conspiracy claims alleged against Defendants Cervantes, Dodds, Marcotte, Pierson, and Whelchel are barred by the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), which held as follows:

> [T]o recover damages for allegedly

> unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254 (footnote omitted).

512 U.S. 477, 486-87 (1994). Thus, under *Heck*, a § 1983 damages claim does not accrue if a judgment in Plaintiff's favor on that claim "would necessarily imply the invalidity of [the plaintiff's] conviction or sentence." *Id.* at 487.

*Heck* bars Plaintiff's challenge to the validity of his prosecution and sentencing until Plaintiff can show that the charges have been expunged. *See Antonelli v. Foster*, 104 F.3d 899, 901 (7th Cir. 1997) (holding that *Heck* applies to any suit "premised ... on the invalidity of confinement pursuant to some legal process, whether a warrant, indictment, information, summons, parole revocation, conviction or other judgment").

However, "any § 1983 claim for damages resulting from a false arrest is not barred by *Heck* and accrues immediately after the arrest, because such alleged violations of the Fourth Amendment

would not necessarily impugn the validity of a conviction." *Snodderly v. R.U.F.F. Drug Enf't Task Force*, 239 F.3d 892, 897 (7th Cir. 2001). The Seventh Circuit has "applied this principle categorically to all § 1983 claims for false arrest, ruling that 'Fourth Amendment claims for unlawful searches or arrests do not necessarily imply a conviction is invalid, so in all cases these claims can go forward.'" *Id.* (quoting *Copus v. City of Edgerton*, 151 F.3d 646, 648 (7th Cir. 1998)); *see also Reynolds v. Jamison*, 488 F.3d 756, 767 (7th Cir. 2007) ("Whether [an officer] had probable cause to arrest [the plaintiff] has no bearing on the validity of his subsequent guilty plea and criminal conviction."). However, "a plaintiff might be able to plead himself into a *Heck* bar by insisting on facts inconsistent with his guilt . . . ." *Easterling v. Moeller*, 334 F. App'x 22, 24 (7th Cir. 2009).

The Court notes that Plaintiff claims Defendant Marcotte illegally seized him by prolonging the vehicle stop to call for a drug dog to search his vehicle. However, Plaintiff extends his arguments to undermine the evidence subsequently collected in his criminal case. *See McCann v. Neilsen*, 466 F.3d 619, 622 (7th Cir. 2006) (concluding that if a plaintiff "makes allegations that are

inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit.") (quoting *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003)).

Even if Plaintiff confined his Fourth Amendment allegation to avoid *Heck*, his claim is barred by the statute of limitations. *See Lewis v. City of Chicago*, 914 F.3d 472, 478 (7th Cir. 2019) ("A § 1983 claim borrows the statute of limitations for analogous personal-injury claims in the forum state; in Illinois that period is two years.") (citing 735 Ill. Comp. Stat. 5/13-202).

Based on the Seventh Circuit's factual summary in *Stapleton*, Defendant Marcott arrested Plaintiff sometime in November 2017. 56 F.4th at 535. Plaintiff filed his pleading on June 12, 2025, which is approximately seven years and six months after Marcott allegedly violated Plaintiff's Fourth Amendment rights. *See Wallace v. Kato*, 549 U.S. 384, 397 (2007) ("[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process.").

Furthermore, to the extent Plaintiff is attempting to file suit against the Champaign County State's Attorney or Assistant State's Attorneys involved in prosecuting his criminal case, "state prosecutors enjoy absolute immunity from suits under § 1983 for activities that are 'intimately associated with the judicial phase of the criminal process.'" *Foreman v. Wadsworth*, 844 F.3d 620, 624 (7th Cir. 2016) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *Archer v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017) ("Prosecutors are absolutely immune for actions they undertake in their capacities as prosecutors, even including malicious prosecution unsupported by probable cause."); *see also Katz-Crank v. Haskett*, 843 F.3d 641, 647 (7th Cir. 2016) (concluding that indicting a person without probable cause, acting maliciously, refusing to consider exonerating evidence, presenting false evidence to a grand jury, and delaying trial "encompass prosecutorial acts or omissions for which . . . prosecutors enjoy absolute immunity.").

Consequently, Plaintiff's Complaint is dismissed. However, if Plaintiff believes he can revise his pleading to state a cause of action, he may file a Motion for Leave to File a Second Amended Complaint.

If Plaintiff elects to file, his second amended pleading must be attached to his motion for leave.

The Court does not accept piecemeal amendments. Plaintiff's claims must stand independently without reference to his initial filing and contain all claims against all defendants. Plaintiff must specify the constitutional violation, when it occurred, and the Defendant or Defendants personally involved. *See Gentry v. Duckworth,* 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right.").

The Court informs Plaintiff that any attempt to join unrelated claims and defendants is not permitted. *See* Fed. R. Civ. P. 20(a)(2). In other words, multiple claims against a single defendant are allowed, but "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007).

## II. Remaining Motions

### A. Amended Complaint

The Court denies Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 6). Plaintiff's proposed amended pleading

seeks to add two Defendants to his initial pleading, which this Court has already stated is not permitted. Plaintiff may include his claims if he files an amended pleading.

### B. Summary Judgment

Although titled as a dispositive motion, Plaintiff's filings raise claims related to the conduct of his criminal trial. Thus, Plaintiff's Motions for Summary Judgment (Docs. 5, 8) are denied.

### C. Counsel

Plaintiff has no constitutional right to counsel, and the Court cannot require an attorney to accept pro bono appointments in civil cases. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) (holding that although indigent civil litigants have no constitutional right to counsel, a district court may, in its discretion, request counsel to represent indigent civil litigants in certain circumstances). In considering Plaintiff's motion for counsel, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear

competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Plaintiff's Motion for Counsel (Doc. 7) is denied because he has not satisfied his threshold burden of demonstrating that he has attempted to hire counsel, which typically requires writing to several lawyers and attaching the responses received.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motions for Summary Judgment (Docs. 5, 8), Motion for Leave to File an Amended Complaint (Doc. 6), and Motion for Counsel (Doc. 7) are DENIED.**

2) **Plaintiff's Complaint (Doc. 1) is DISMISSED for failure to state a federal claim on which relief may be granted as required by 28 U.S.C. § 1915A(b)(1).**

3) **The Court GRANTS Plaintiff leave to file an Amended Complaint within thirty days of the entry of this order and in compliance with the Court's guidance. If Plaintiff does not submit an amendment on or before the thirty-day deadline, the Court will dismiss Plaintiff's case without prejudice.**

ENTERED November 19, 2025.

s/ *Sue E. Myerscough*
_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE